UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJI KENYATTA LEE,

        Petitioner,

v.                                         Case No. 5:05-cv-44

                                               Hon. Wendell A. Miles

PAUL RENICO,

        Respondent.
_____/

OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Deji Kenyatta Lee's Objection[1] to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation (R&R) of January 25, 2007, which recommended Petitioner's petition for writ of habeas corpus be denied because the grounds he raises for habeas relief are procedurally defaulted or plainly without merit.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id. Petitioner filed an objection to the R & R, which states verbatim:

> This Petitioner ask[s] the court to reconsider the HABEAS CORPUS
> PETITION, in it's entirety, as the court has overlooked and misapprehended

---

[1] Petitioner titles his objection as "Appeal from Conviction or Sentence by a Magistrate Judge and Motion to Stay Pending Review." (Docket #23).

>    the gist of the Petition, Order to Show Cause, and Notice of Improper
>    Advocacy by Respondent in the Respondent's Answer In Opposition to
>    petition for Writ of Habeas Corpus Relevant Facts and Procedural History.
>    With this request and motion to this court, the Petitioner ask that a
>    STAY PENDING REVIEW be implemented at this point, to allow
>    the Petitioner to show the courts that it would be futile to have
>    conducted collateral proceedings in state courts, as the Petitioner
>    earnestly pleaded with this court on page 3 of his Order to show cause.

In his petition, Petitioner raised three grounds for habeas relief:

>    (1) Petitioner was denied a fair trial due to prosecutorial misconduct because the
>    prosecutor: (a) denigrated Petitioner, (b) made materially false and inflammatory
>    remarks, © vouched for the credibility of prosecution witnesses, and (d) stated his
>    personal opinion regarding Petitioner's guilt.
>
>    (2) Petitioner was denied a fair trial because the prosecution failed to exercise the
>    procedure of due diligence.
>
>    (3) Petitioner was denied a fair trial because his conviction was obtained by an
>    erroneous assessment by the trial court which resulted in a manifest constitutional
>    error that lead to a miscarriage of justice.

The Magistrate Judge found that each of Petitioner's claims, with the exception of the claim that the prosecutor denigrated Petitioner, were unexhausted in the state courts. The court construes Petitioner's objection as a contention that any attempt to exhaust in state court would have been futile. However, notwithstanding that the claims were unexhausted, the Magistrate Judge did addressed the merits of each of the claims, 28 U.S.C. § 2254(b)(2), and found that none of the claims presented entitled Petitioner to habeas relief. Petitioner has not raised any specific objections to the Magistrate Judge's findings with respect to the merits of his claims.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and

recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #23), ADOPTS the Magistrate Judge's Report and Recommendation (docket. # 22), and DENIES the Petition for Writ of Habeas Corpus (docket # 1).

So ordered this 7th day of March, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge